949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sylvester Omar LOMAX and Roy Lee Jackson, Plaintiffs/Appellants,
v.
Gary MCCAUGHTRY, Thomas Borgen, Thomas Nickel, Andy Bath,
Lieutenant D. Fuller, Lynn Oestrich, and Ronald
Giannoi, Defendants/Appellees.
 No. 90-1692.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 3, 1991.
 
 Before WOOD, JR. and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Sylvester Omar Lomax and Roy Lee Jackson, inmates at Waupon Correctional Center ("WCC") in Wisconsin, appeal pro se from the district court's grant of summary judgment for the defendants. For the following reasons, we affirm.
 
 I.
 
 2
 In December of 1988, defendant Lieutenant Fuller received a tip from a confidential informant that Lomax and Jackson were using illegal drugs. As a result, Fuller ordered Lomax and Jackson to submit to a urine test. WCC uses the EMIT (Enzyme Multiple Immunoassay Test) for urinalysis testing. Any positive results are retested on the EMIT. Both the original and the retest of the plaintiffs' urine samples tested positive for cocaine.
 
 
 3
 Consequently, Lomax and Jackson were placed in temporary lockup. Fuller issued conduct reports to Lomax and Jackson charging use of intoxicants in violation of Wis.Admin.Code DOC § 303.59. Additionally, Lomax and Jackson received Notice of Major Disciplinary Hearing Rights and a Waiver of Major Hearing form. Lomax requested a hearing. Jackson admitted guilt and waived his right to a full hearing. A prison disciplinary committee found both Lomax and Jackson guilty of drug use and imposed segregation. Lomax and Jackson appealed the disciplinary committee's decision, which was affirmed.
 
 
 4
 Then, Lomax and Jackson filed an amended civil rights complaint under 42 U.S.C. § 1983 against several WCC officials alleging numerous constitutional violations in connection with their placement in temporary lockup and their disciplinary hearing. The district court granted summary judgment for the defendants.
 
 II.
 
 5
 This court reviews the district court's grant of summary judgment de novo and will affirm only if " 'there is no genuine issue as to any material fact ... and the moving party is entitled to summary judgment as a matter of law.' " Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1179 (7th Cir.1991) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). When reviewing the grant of summary judgment we draw all reasonable inferences in the light most favorable to the non-movant. Id.
 
 Temporary Lockup
 
 6
 The plaintiffs first argue that they possess a liberty interest in remaining in the general prison population and that the defendants violated their due process rights by placing them in temporary lockup in violation of Wis.Admin.Code § DOC 303.11. This claim is without merit. It is well settled that the Due Process Clause itself does not create a liberty interest in remaining in a particular location within the prison. Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989); Hewitt v. Helms, 459 U.S. 460, 467-68 (1983); Russ v. Young, 895 F.2d 1149, 1152-53 (7th Cir.1989). Furthermore, Wisconsin prisoners possess no liberty interest in remaining out of temporary lockup. In Russ, we held that Wis.Admin.Code DOC § 303.11 does not give rise to a liberty interest in remaining out of temporary lockup. Thus, the WCC officials were not required to afford Lomax and Jackson due process before placing them in temporary lockup. Plaintiffs urge us to overrule Russ. However, they present no new or persuasive arguments; thus, we decline to do so.
 
 Disciplinary Hearing
 
 7
 Lomax and Jackson also allege numerous due process violations in connection with their disciplinary hearings. First, the plaintiffs argue that the disciplinary committee's decision was not supported by sufficient evidence. The requirements of due process are met if the disciplinary committee's decision is supported by some evidence. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985). The evidence against Jackson consisted of his admission of guilt and the positive EMIT test. As to Lomax, the disciplinary committee relied on his statement "I'm not going to argue with scientific report" and the positive results of the EMIT test. Despite the plaintiffs' failure to challenge the accuracy of the EMIT test at their respective hearings, plaintiffs now challenge the reliability of the EMIT test and assert that the defendants' reliance on such a test violated due process.
 
 
 8
 Initially, the defendants did not rely solely on the positive EMIT results in finding the plaintiffs guilty of drug use. Here, the disciplinary committee also had Jackson's admission of guilt and Lomax's statement that he was not going to argue with the test results. Moreover, courts have found EMIT tests sufficiently reliable to meet the standards of the Due Process Clause.[1] See Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989), and cases cited therein ("we have little difficulty in concluding that the presence of a positive EMIT test constitutes "some evidence" ... that a tested inmate was guilty of the offense of drug use"). Thus, the disciplinary committee's determination that Lomax and Jackson used drugs was supported by some evidence.
 
 
 9
 Second, Lomax argues, and Jackson joins in even though he waived his right to a full hearing, they received insufficient notice of the charges against them. Due process requires that prisoners receive advance written notice of the violations charged against them. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Here, both Lomax and Jackson received conduct reports charging the use of intoxicants. Lomax's conduct report indicated that a urinalysis test was conducted for cause and tested positive under the EMIT for cocaine. Jackson's conduct report indicated that he was also tested for cause and that under the EMIT his urine sample tested positive for THC and cocaine. The notice sufficiently laid out the charges of drug use against Lomax and Jackson to meet the requirements of due process. Lomax and Jackson also argue that the notice was insufficient because the defendants did not attach any physical evidence to the conduct reports in violation of Wis.Admin.Code § DOC 303.66. They do not argue that the Due Process Clause itself creates such a requirement. Nor can they successfully argue that section 303.66 gives rise to a liberty interest. Section 303.66 deals only with preparing a conduct report and "[p]romises of particular procedures ... do not create legitimate claims of entitlement." Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (in banc). Thus, the defendants' failure to attach physical evidence to the conduct reports did not violate due process.
 
 
 10
 Finally, Lomax and Jackson challenge the impartiality of the disciplinary committee. The Due Process Clause guarantees a prisoner the right to appear before an impartial hearing body. Wolff, 418 U.S. at 563-67. In this case, the record clearly indicates that the defendant hearing officers' involvement in the plaintiffs' case was limited to conducting each plaintiff's disciplinary hearing. The plaintiffs produce no evidence indicating a lack of impartiality on the part of the hearing officers. Thus, we conclude that their claim is without merit.
 
 III.
 
 11
 For the above reasons, we AFFIRM the district court's grant of summary judgment in favor of the defendants.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 To the extent that the plaintiffs challenge the chain of custody of their urine samples, we note that they put forth no evidence indicating a lapse in the chain of custody